| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Brandon J. Iskander<br>Goe Forsythe & Hodges LLP<br>17701 Cowan<br>Building D<br>Suite 210<br>Irvine, CA 92614<br><br>949–798–2460<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

| In re:<br><br>World of SJ Gifts and Dekor<br><br><br><br>Debtor(s). | CASE NO.: 6:23–bk–13699–WJ<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 6:24–ap–01049–WJ |
|---|---|
| Charles W. Daff (TR)<br><br><br>Plaintiff(s)<br>Versus<br><br>Jose Miguel Solares<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **08/02/2024.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
    **Date:**                   **September 12, 2024**
    **Time:**                   **10:30 AM**
    **Hearing Judge:**     **Wayne E. Johnson**
    **Location:**           **3420 Twelfth St., Crtrm 304, Riverside, CA 92501**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                  Page 1                **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                         **KATHLEEN J. CAMPBELL**
                         **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: July 3, 2024

                    By: _____"s/" Yvonne Gooch_____
                           Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004–1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*                  *Printed Name*                          *Signature*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                **F 7004–1.SUMMONS.ADV.PROC**

1  Robert P. Goe – State Bar No. 137019
   Brandon J. Iskander – State Bar No. 300916
2  **GOE FORSYTHE & HODGES LLP**
   17701 Cowan Avenue, Suite 210, Bldg. D
3  Irvine, CA 92614
   rgoe@goeforlaw.com
4  biskander@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Attorneys for Plaintiff Charles W. Daff,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>WORLD OF SJ GIFTS AND DEKOR,<br><br>　　　　Debtor. | Case No.  6:23-bk-13699-WJ<br><br>Chapter 7 Proceeding<br><br>Adv. No.: 6:24-ap-_____-WJ<br><br>**COMPLAINT FOR:** |
| CHARLES W. DAFF, solely in his capacity as chapter 7 trustee for the bankruptcy estate of WORLD OF SJ GIFTS AND DEKOR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSE MIGUEL SOLARES, an individual,<br><br>　　　　Defendant. | 1. **AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07];**<br>2. **AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07];**<br>3. **RECOVERY OF PAYMENTS TO UNLICENSED CONTRACTOR [Cal. Bus. & Prof. Code § 7031(b)]; and**<br>4. **DISALLOWANCE OF CLAIMS [11 U.S.C § 502(d)]** |

　　　Charles W. Daff ("Trustee"), solely in his capacity as the duly-appointed, qualified, and acting Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of World of SJ Gifts and Dekor ("Debtor"), hereby brings this Complaint against Jose Miguel Solares, an

individual ("Defendant") and respectfully complains and alleges as follows:

## I. SUBJECT MATTER JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure, Rules 7001(1) (a proceeding to recover money or property) and (9) (a proceeding to obtain a declaratory judgment relating to any of the foregoing).

2. Plaintiff, as Trustee for the Debtor's bankruptcy estate ("Estate") has standing to bring this action under 11 U.S.C. §§ 323, 502, 544, 550, 551; 28 U.S.C. § 3304; *see also Finkel v. Polichuk (In re Polichuk)*, 506 B.R. 405, 427-28 (Bankr. E.D. Pa. 2014); *Alberts v. HCA Inc. (In re Greater Se. Cmty. Hosp. Corp. I)*, 365 B.R. 293, 305-06 (Bankr. D.D.C. 2006).

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re World of SJ Gifts and Dekor*, Case No. 6:23-bk-13699-WJ on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the Estate), (b)(2)(F) (proceeding to determine, avoid, or recover preferences), and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $22,700.00.

6. Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c) because Debtor's bankruptcy case is pending in the Central District of California.

7. To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under state law.

\\\

## II. THE PARTIES

8. Plaintiff is the duly-appointed, qualified, and acting Chapter 7 Trustee for the Debtor's Estate and brings the claims asserted herein solely in that capacity.

9. Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in Los Angeles County, California.

## III. GENERAL ALLEGATIONS

10. The allegations contained in paragraphs 1-9, inclusive, are re-alleged and incorporated herein by this reference, as though set forth in full.

11. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 17, 2023 ("Petition Date") initiating *In re World of SJ Gifts and Dekor*, Case No. 6:23-bk-13699-WJ on the Court's docket.

12. The Debtor was incorporated on August 7, 2015 as a California corporation.

13. From August 2015 through approximately September 2020, the Debtor's principal place of business was 21611 Fernleaf Drive, Lake Forest, CA 92630. Since September 2020, Debtor's principal place of business is 18648 Malkoha Street, Perris, CA 92570.

14. Plaintiff is informed and believes and based thereon alleges that from September 2015 through the Petition Date, the Debtor's owners and officers were James Thomas Witkowski ("Witkowski") and Sherwin Ochoa Lim ("Lim").

15. Plaintiff is informed and believes that Witkowski and Lim were the persons who controlled and directed the Debtor up until the Petition Date.

16. Plaintiff is informed and believes that Debtor was in the business of buying, renovating, and re-selling real property in Southern California.

17. As reflected on its corporate bank statements from October 2019 through July 2022, Debtor transferred $905,616.00 to Defendant in one hundred and two (102) individual transactions ("Transfer"). A true and correct accounting of the Transfer is attached hereto and incorporated herein as **Exhibit "1."**

\\\

3

18. The Plaintiff is informed and believes that the Transfer was for building contractor services on residential properties bought and sold by the Debtor. At all relevant times, Defendant did not hold a valid contractor license in California and was not legally permitted to perform contractor services in California.

19. As a matter of California law, any person who utilizes the services of an unlicensed contractor may bring an action to recover all compensation paid to the unlicensed contractor. Cal. Bus. & Prof. Code § 7031(b).

20. By definition, Defendant, as an unlicensed contractor, cannot receive compensation for illegal contractor work. *Hydrotech Systems, Ltd. v. Oasis Waterpark*, 52 Cal. 3d 988, 997 (1999) ("[A]n unlicensed contractor cannot recover either for the agreed contract price or for the reasonable value of labor and materials."). As such, Defendant is estopped from denying that the Transfer was for no consideration and for less than reasonably equivalent value.

21. Plaintiff is continuing his investigation into the Debtor's prepetition financial affairs to determine whether additional avoidable transfers were made to the Defendant during the four years prior to the Petition Date and reserves the right to amend this Complaint to recover any such additional avoidable transfers based on an inability to obtain said information to date. Plaintiff is informed and believes and based thereon alleges that any funds paid to the Defendant during the six years prior to the Petition Date were fraudulent and are recoverable by Plaintiff under the Bankruptcy Code.

### FIRST CLAIM FOR RELIEF
**[Avoidance and Recovery of Intentional Fraudulent Transfer with an Automatic Preservation for the Estate]**

**[11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07]**

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

23. The Transfer is of the Debtor's property.

24. The Transfer was made on or within four (4) years of the Petition Date, but in no even longer than seven (7) years prior to the Petition Date.

25. The Transfer was to or for the benefit of the Defendant and for no consideration or for less than reasonably equivalent value to the Debtor. Cal. Bus. & Prof. Code § 7031(b); *Hydrotech Systems, Ltd. v. Oasis Waterpark*, 52 Cal. 3d 988, 997 (1999) ("[A]n unlicensed contractor cannot recover either for the agreed contract price or for the reasonable value of labor and materials.").

26. The Transfer was made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said Transfer.

27. The Transfer occurred shortly before or shortly after Debtor incurred a substantial debt.

28. Based on the foregoing, Plaintiff may avoid the Transfer or recover the equivalent value of the Transfer with an automatic preservation for the Estate from the Defendant, for whose benefit the aforementioned Transfer was made pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.04, 3439.07.

**SECOND CLAIM FOR RELIEF**
**[Avoidance and Recovery of Constructive Fraudulent Transfer with an Automatic Preservation for the Estate]**
**[11 U.S.C. § 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, and 3439.07]**

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

30. Plaintiff is informed and believes, and based thereon alleges, that there are creditors of the Debtor that were in existence at the time of the Transfer that still remain unpaid as of the Petition Date. Plaintiff is informed and believes, and based thereon alleges, that future creditors of the Debtor existed following the Transfer who remain unpaid as of the Petition Date.

31. The Transfer was made on or within four (4) years of the Petition Date, but in no even longer than seven (7) years prior to the Petition Date.

32. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made:

\\\

5

a. For less than reasonably equivalent value, or any value, in exchange for said transfer (Cal. Bus. & Prof. Code § 7031(b); *Hydrotech Systems, Ltd. v. Oasis Waterpark*, 52 Cal. 3d 988, 997 (1999) ("[A]n unlicensed contractor cannot recover either for the agreed contract price or for the reasonable value of labor and materials.")); and

b. At a time when Debtor was insolvent and/or was rendered insolvent by virtue of said transfer; and/or

c. While Debtor was engaged or about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; and/or

d. While the Debtor intended to incur, or believed, or reasonably should have believed the Debtor would incur debts beyond the Debtor's ability to pay them as they became due.

33. Based on the foregoing, Plaintiff may avoid the Transfer and recover said Transfer or the equivalent value of the Transfer with an automatic preservation for the Estate from the Defendant, for whose benefit the aforementioned Transfer was made pursuant to 11 U.S.C. §§ 544, 550, and 551, and 28 U.S.C. §§ 3304(a)(1) & (b)(1)(B).

### THIRD CLAIM FOR RELIEF

**[Recovery of Payments to Unlicensed Contractor]**

**[Cal. Bus. & Prof. Code § 7031(b)]**

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 as though set forth in full.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendant did not have a valid contractor's license during all times when Defendant was performing construction services for the Debtor.

36. Plaintiff is informed and believes, and based thereon alleges, that Debtor through Witkowski and/or Lim hired Defendant to perform services for the Debtor.

1     37.     Plaintiff is informed and believes, and based thereon alleges, that a valid contractor's license was required to perform these services.

    38.     Plaintiff is informed and believes, and based thereon alleges, that Debtor paid Defendant at least $905,616.00 for construction services that Defendant performed.

    39.     Accordingly, Defendant must disgorge at least $905,616.00 that Defendant received for unlicensed contractor services.

### FOURTH CLAIM FOR RELIEF

### [Disallowance of Claims]

### [11 U.S.C. § 502(d)]

    40.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 as though set forth in full.

    41.     Defendant is an entity from which property is recoverable under 11 U.S.C. § 550 and Defendant received avoidable transfers under 11 U.S.C. § 544.

    42.     Defendant has not paid the amount or turned over any such property for which Defendant is liable under 11 U.S.C. §522(i), 542, 543, 550, 553.

    43.     Pursuant to 11 U.S.C. §502(d), to the extent Defendant files a claim against the Debtor's Estate, such claim should be disallowed.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for Judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

    1.     That the Transfer identified herein is avoided as an actual fraudulent transfer under 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.04, 3439.07, and entering an order recovering said transfer for the benefit of the Estate, or the value of said Transfer for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfer;

### ON THE SECOND CLAIM FOR RELIEF

    2.     That the Transfer identified herein is avoided as a constructively fraudulent transfer under 11 U.S.C. § 544, along with Cal. Civ. Code §§ 3439.04, 3439.05, and 3439.07, and entering

7

an order recovering said Transfer for the benefit of the Estate, or the value of said Transfer for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfer;

## ON THE THIRD CLAIM FOR RELIEF

3.  Ordering Defendant to disgorge the $905,616.00 Defendant received for unlicensed contractor work pursuant to Cal. Bus. & Prof. Code § 7031(b);

## ON THE FOURTH CLAIM FOR RELIEF

4.  Disallowing any claims of the Defendant if it fails or refuses to turn over the Transfer, and/or the value of the same, pursuant to 11 U.S.C. § 502(d);

## ON ALL CLAIMS FOR RELIEF

5.  For prejudgment interest at the applicable legal rate;

6.  For attorney's fees and costs of suit herein incurred; and

7.  For such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: July 1, 2024                             Respectfully submitted by,

                                                **GOE FORSYTHE & HODGES LLP**

                                                By: /s/ Brandon J. Iskander
                                                    Robert P. Goe
                                                    Brandon J. Iskander
                                                    Attorneys for Plaintiff Charles W. Daff,
                                                    Chapter 7 Trustee for the bankruptcy estate
                                                    of World of SJ Gifts and Dekor

8

# EXHIBIT 1

# EXHIBIT 1

| Date | Account | Amount | Memo |
|---|---|---|---|
| 2021 | Cash | $ 350.00 | 19913 Rossford |
| 10/18/2019 | Check No. 10246 | $ 10,000.00 | 21742 Ravenna |
| 10/30/2019 | Check No. 10247 | $ 10,000.00 | 21742 Ravenna |
| 11/6/2019 | Check No. 10249 | $ 10,000.00 | 21742 Ravenna |
| 11/13/2019 | Check No. 10250 | $ 10,000.00 | 21742 Ravenna |
| 11/20/2019 | Check No. 10251 | $ 10,000.00 | 21742 Ravenna |
| 11/27/2019 | Check No. 10252 | $ 10,000.00 | 21742 Ravenna |
| 12/5/2019 | Check No. 10258 | $ 10,000.00 | 21742 Ravenna |
| 12/9/2019 | Check No. 10260 | $ 10,000.00 | 332 Bort |
| 12/11/2019 | Check No. 10259 | $ 10,000.00 | 21742 Ravenna |
| 12/19/2019 | Check No. 10263 | $ 7,000.00 | 332 Bort |
| 12/23/2019 | Check No. 10261 | $ 10,000.00 | 21742 Ravenna |
| 12/26/2019 | Check No. 10262 | $ 10,000.00 | 21742 Ravenna |
| 12/27/2019 | Check No. 10264 | $ 7,000.00 | 332 Bort |
| 1/9/2020 | Check No. 10270 | $ 7,000.00 | 332 Bort |
| 1/13/2020 | Check No. 10269 | $ 10,000.00 | 21742 Ravenna |
| 1/18/2020 | Cash | $ 2,500.00 | 21742 Ravenna |
| 1/20/2020 | Cash | $ 4,766.00 | 21742 Ravenna |
| 1/21/2020 | Check No. 10271 | $ 7,000.00 | 332 Bort |
| 1/21/2020 | Check No. 10272 | $ 6,000.00 | 21742 Ravenna |
| 1/23/2020 | Check No. 10273 | $ 6,000.00 | 21742 Ravenna |
| 1/29/2020 | Check No. 10275 | $ 9,450.00 | 21742 Ravenna |
| 1/29/2020 | Cash | $ 1,400.00 | 21742 Ravenna |
| 2/13/2020 | Check No. 10278 | $ 7,000.00 | 332 Bort |
| 2/14/2020 | Check No. 10279 | $ 7,000.00 | 332 Bort |
| 2/27/2020 | Check No. 10280 | $ 7,000.00 | 332 Bort |
| 3/5/2020 | Check No. 10282 | $ 7,000.00 | 332 Bort |
| 3/13/2020 | Check No. 10285 | $ 7,000.00 | 332 Bort |
| 4/3/2020 | Check No. 10286 | $ 10,000.00 | 10 Atlantic |
| 4/13/2020 | Check No. 10290 | $ 3,500.00 | 332 Bort |
| 4/20/2020 | Check No. 10291 | $ 4,000.00 | 10 Atlantic |
| 4/20/2020 | Cash | $ 9,000.00 | 332 Bort |
| 5/12/2020 | Check No. 10293 | $ 4,500.00 | 10 Atlantic |
| 2/12/2021 | Check No. 10312 | $ 10,000.00 | 19913 Rossford |
| 2/25/2021 | Check No. 10313 | $ 10,000.00 | 19913 Rossford |
| 3/8/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |
| 3/8/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |
| 3/12/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |
| 3/12/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |
| 3/19/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |
| 3/19/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |
| 3/30/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |
| 3/30/2021 | Bank Transfer | $ 5,000.00 | 19913 Rossford |

| Date | Type | | Amount | Account |
|---|---|---|---:|---|
| 4/24/2021 | Bank Transfer | $ | 4,600.00 | 19913 Rossford |
| 4/27/2021 | Bank Transfer | $ | 10,000.00 | 19913 Rossford |
| 7/11/2021 | Cash | $ | 10,000.00 | 2765 Wetherly |
| 7/24/2021 | Cash | $ | 10,000.00 | 2765 Wetherly |
| 7/31/2021 | Cash | $ | 10,000.00 | 2765 Wetherly |
| 8/5/2021 | Check No. 10335 | $ | 10,000.00 | 2765 Wetherly |
| 8/22/2021 | Check No. 10336 | $ | 10,000.00 | 2765 Wetherly |
| 8/27/2021 | Check No. 10337 | $ | 10,000.00 | 2765 Wetherly |
| 9/1/2021 | Check No. 10345 | $ | 10,000.00 | 2765 Wetherly |
| 9/1/2021 | Check No. 10346 | $ | 10,000.00 | 2765 Wetherly |
| 9/1/2021 | Check No. 10347 | $ | 10,000.00 | 2765 Wetherly |
| 9/7/2021 | Zelle | $ | 10,000.00 | 2765 Wetherly |
| 9/11/2021 | Cash | $ | 5,000.00 | 2765 Wetherly |
| 10/5/2021 | Bank Transfer | $ | 5,000.00 | 2765 Wetherly |
| 2/15/2022 | Check No. 10361 | $ | 10,000.00 | 21404 Vera |
| 2/26/2022 | Check No. 10362 | $ | 10,000.00 | 21404 Vera |
| 3/2/2022 | Cash | $ | 10,000.00 | 22032 Neptune |
| 3/4/2022 | Check No. 10363 | $ | 9,950.00 | 21404 Vera |
| 3/4/2022 | Check No. 10365 | $ | 9,950.00 | 21404 Vera |
| 3/4/2022 | Check No. 10364 | $ | 9,950.00 | 21404 Vera |
| 3/14/2022 | Zelle | $ | 10,000.00 | 21404 Vera |
| 3/14/2022 | Zelle | $ | 10,000.00 | 22032 Neptune |
| 3/19/2022 | Cash | $ | 10,000.00 | 6928 Crebs |
| 3/19/2022 | Check No. 10369 | $ | 10,000.00 | 21404 Vera |
| 3/22/2022 | Cash | $ | 10,000.00 | 22032 Neptune |
| 3/26/2022 | Zelle | $ | 10,000.00 | 21404 Vera |
| 3/28/2022 | Zelle | $ | 10,000.00 | 21404 Vera |
| 3/28/2022 | Zelle | $ | 10,000.00 | 22032 Neptune |
| 4/2/2022 | Zelle | $ | 10,000.00 | 21404 Vera |
| 4/4/2022 | Cash | $ | 10,000.00 | 6928 Crebs |
| 4/4/2022 | Cash | $ | 10,000.00 | 22032 Neptune |
| 4/11/2022 | Cash | $ | 10,000.00 | 6928 Crebs |
| 4/11/2022 | Check No. 10370 | $ | 10,000.00 | 21404 Vera |
| 4/11/2022 | Cash | $ | 10,000.00 | 22032 Neptune |
| 4/18/2022 | Bank Transfer | $ | 10,000.00 | 21404 Vera |
| 4/18/2022 | Bank Transfer | $ | 10,000.00 | 22032 Neptune |
| 4/19/2022 | Bank Transfer | $ | 10,000.00 | 6928 Crebs |
| 4/26/2022 | Bank Transfer | $ | 10,000.00 | 6928 Crebs |
| 4/26/2022 | Zelle | $ | 10,000.00 | 21404 Vera |
| 4/26/2022 | Bank Transfer | $ | 10,000.00 | 22032 Neptune |
| 5/3/2022 | Bank Transfer | $ | 10,000.00 | 6928 Crebs |
| 5/3/2022 | Bank Transfer | $ | 10,000.00 | 22032 Neptune |
| 5/10/2022 | Bank Transfer | $ | 10,000.00 | 6928 Crebs |
| 5/10/2022 | Bank Transfer | $ | 10,000.00 | 22032 Neptune |

| Date | Type | Amount | Account |
|---|---|---|---|
| 5/13/2022 | Bank Transfer | $ 2,300.00 | 22032 Neptune |
| 5/14/2022 | Cash | $ 34,000.00 | 21404 Vera |
| 5/17/2022 | Bank Transfer | $ 10,000.00 | 6928 Crebs |
| 5/17/2022 | Bank Transfer | $ 10,000.00 | 22032 Neptune |
| 5/18/2022 | Cash | $ 13,500.00 | 22032 Neptune |
| 5/27/2022 | Bank Transfer | $ 10,000.00 | 22032 Neptune |
| 5/27/2022 | Bank Transfer | $ 2,300.00 | 22032 Neptune |
| 6/1/2022 | Cash | $ 19,600.00 | 6928 Crebs |
| 6/3/2022 | Bank Transfer | $ 10,000.00 | 6928 Crebs |
| 6/9/2022 | Bank Transfer | $ 10,000.00 | 6928 Crebs |
| 6/17/2022 | Bank Transfer | $ 10,000.00 | 6928 Crebs |
| 6/24/2022 | Cash | $ 15,000.00 | 6928 Crebs |
| 6/27/2022 | Bank Transfer | $ 10,000.00 | 6928 Crebs |
| 7/5/2022 | Bank Transfer | $ 10,000.00 | 6928 Crebs |
| 7/7/2022 | Cash | $ 10,000.00 | 6928 Crebs |
| **Total** | | **$ 905,616.00** | |

Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Building D, Suite 210
Irvine, CA 92614
Telephone: (949) 798-2460
Facsimile: (949) 955-9437
rgoe@goeforlaw.com
biskander@goeforlaw.com
Attorneys for Plaintiff Charles W. Daff,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - (RIVERSIDE DIVISION)

| | |
|---|---|
| In re<br><br>WORLD OF SJ GIFTS AND DEKOR,<br><br>Debtor. | Case No. 6:23-bk-13699-WJ<br><br>Chapter 7<br><br>Adv. No. 6:24-ap-01049-WJ |
| CHARLES W. DAFF, solely in his capacity as chapter 7 trustee for the bankruptcy estate of WORLD OF SJ GIFTS AND DEKOR,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE MIGUEL SOLARES, an individual,<br><br>Defendant. | **NOTICE OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1**<br><br>**Status Conference Hearing:**<br>Date:    September 12, 2024<br>Time:    10:30 a.m.<br>Place:   Courtroom 304<br>             U.S. Bankruptcy Court<br>             3420 Twelfth Street<br>             Riverside, CA 92501 |

### LBR 7026-1. DISCOVERY

**(a)    General.**    Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1)    Notice. The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2)    Proof of Service. The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

/ / /

- 1 -

**(b) Discovery Conference and Disclosures.**

    (1)    <u>Conference of Parties</u>. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

    (2)    <u>Joint Status Report</u>. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c) Failure to Make Disclosures or Cooperate in Discovery.**

    (1)    <u>General</u>. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

    (2)    <u>Meeting of Counsel</u>. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

    (3)    <u>Moving Papers</u>. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

        (A)    The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

        (B)    The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain,

verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C)    In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, the court will not consider the discovery motion.

(4)    <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5)    <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

Dated: July 8, 2024                                **GOE FORSYTHE & HODGES LLP**

By: /s/ Brandon J. Iskander
    Robert P. Goe
    Brandon J. Iskander
    Attorneys for Plaintiff Charles W. Daff, chapter 7 trustee for the bankruptcy estate of WORLD OF SJ GIFTS AND DEKOR

- 3 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17701 Cowan, Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

COMPLAINT; NOTICE OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 8, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Charles W Daff (TR)  charleswdaff@gmail.com, c122@ecfcbis.com
Brandon J. Iskander  biskander@goeforlaw.com, kmurphy@goeforlaw.com
United States Trustee (RS)  ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _July 8, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jose Miguel Solares, 16900 Cranbrook Ave, Torrance, CA 90504-1305
Jose Miguel Solares, PO Box 7790, Torrance, CA 90504-9190

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 8, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Wayne Johnson, USBC, 3420 Twelfth Street, Suite 384, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 8, 2024 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |